IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANKIE SANCHEZ　　　　　　　　　　:

　Petitioner　　　　　　　　　　　　　:

v.　　　　　　　　　　　　　　　　　: Civil Action No. WDQ-11-1657
　　　　　　　　　　　　　　　　　　　 Criminal Action No. 92-301
UNITED STATES OF AMERICA　　　　:

　Respondent

o0o

MEMORANDUM

On June 14, 1993, the Court sentenced Frankie Sanchez to two concurrent life terms and one concurrent forty year term following his conviction for conspiracy to distribute and possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 846 and 841. Sanchez noted an appeal which was denied. *See United States v. Sanchez*, Criminal Action No. WDQ-92-301 (D. Md.).

On April 13, 2007, the Court received documents from Sanchez entitled "Letter Motion for Discretionary Consideration of Reinstating Rights to File a 2255 Writ of Habeas Corpus of Which was Never Filed Based upon Misrepresentation of Counsel Direlecton [sic] of Professional Duties." ECF No. 598. Sanchez asked the Court to "reinstate my rights to file a 2255 motion, writ of Habeas Corpus." He explained that after his appeal was denied, his attorney assured him he would file a timely motion under § 2255. He further explained that since 2002 he had not been in contact with his attorney. *Id.*

The motion was construed and docketed as a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. The Court did not give Sanchez notice of its intent to

re-characterize his pleading as a 2255 motion, as required by *Castro v. United States*, 540 U.S. 365, 383 (2003); *see also United States v. Blackstock*, 513 F. 3d 128, 132-35 (4th Cir. 2008). However, consonant with *United States v. Sosa*, 364 F.3d 50, 512 (4th Cir. 2004) and *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Court granted Sanchez thirty days to demonstrate why the petition was timely or why equitable tolling was warranted. ECF No. 602. The Court indicated in that Order that pending before it was a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence filed by Sanchez. *Id.*

Sanchez filed a "Deposition of Evidence and Memorandum of Law" in response to the Court's Order wherein he advised the Court that he requested his defense attorney file a motion under §2255 and was advised by counsel that it had been filed. He provided a copy of correspondence sent to his defense attorney on April 10, 2006, inquiring as to the status of his motion to vacate, which was returned to Sanchez undeliverable. He also provided a copy of correspondence sent to him from his attorney on April 1, 1997, stating that the attorney had not been able to locate Sanchez's criminal file and indicated counsel believed the file had previously been turned over to Sanchez. ECF No. 603. Upon review of the pleadings filed, the Court concluded, on October 4, 2007, that the Motion was time-barred. ECF Nos. 604 & 605. Sanchez's appeal of that determination was denied on April 21, 2008; the mandate issued on June 13, 2008. ECF Nos. 611 & 615.

On June 15, 2011, the Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 635. In considering the motion, the Court denied Petitioner's simultaneously filed motion to equitably toll limitations period (ECF No. 636) and found the Petitioner had filed his first motion to vacate on April 13, 2007. ECF Nos. 598, 604 & 605. The motion to vacate was therefore determined to be a successive § 2255 challenge to the Petitioner's conviction, and Petitioner was advised that the

2

motion could not be considered absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). As Petitioner had not received certification from the Fourth Circuit, the Court dismissed the motion without prejudice. ECF Nos. 640 & 641.

Pending is Petitioner's Motion for Reconsideration. ECF No. 642. Petitioner argues that the April 13, 2007 paper he filed with the Court was improperly re-characterized by the Court without notice to Petitioner in violation of the Supreme Court's holding in *Castro v. United States*, 540 U.S. 375 (2003). Petitioner argues that the motion filed on June 15, 2011, should be considered his first motion to vacate and relies on *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008) in support of his position.

Petitioner's Motion for Reconsideration shall be granted and the Court's Memorandum and Order of September 30, 2011 vacated. As the Petitioner did not receive the proper notice of re-characterization of his motion in 2007, his motion to vacate filed on June 15, 2011 (ECF No. 635) shall be considered his first properly filed motion to vacate pursuant to 28 U.S.C. § 2255, rather than as a successive motion. As Petitioner concedes, the Motion is untimely and the question before the Court is whether Sanchez is entitled to equitable tolling of the limitations period. Sanchez has filed a "motion to equitably toll limitation period" which includes affidavits from family members of their efforts to contact Sanchez's trial counsel regarding filing a motion to vacate. ECF Nos. 636, 637, & 639.

As Sanchez has previously been advised, a motion to vacate, set aside, or correct a federal sentence must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Sanchez's direct appeal was denied on May 18, 1995. His petition for writ

of certiorari was denied on October 5, 1995 and his conviction became final on that date, beginning the one year Antiterrorism and Effective Death Penalty Act ["AEDPA"] limitations clock. *See* 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 120-121 (2009).

The pending motion to vacate was not filed until June 15, 2011, nearly sixteen years after Sanchez's case became final and fourteen years after the enactment of the limitations period under AEDPA. In support of his motion for equitable tolling, Sanchez provides affidavits from his sister, Minerva Sanchez, and brother-in-law Steven Gourdine. Ms. Sanchez avers that from 1995-2001, in order to assist her brother, she contacted, by telephone, Luther C. West, Esquire, Sanchez's court appointed attorney. Ms. Sanchez indicates that after her brother's conviction she repeatedly contacted West regarding her brother's sentencing and appeal. After Sanchez's direct appeal process was exhausted, she "reached out" to West regarding the filing of a first petition under §2255. Ms. Sanchez indicates that between 1995 and 2001 she telephoned or attempted to telephone West repeatedly regarding the motion to vacate. She states that in 1999 she had a detailed discussion with West regarding Sanchez's collateral action wherein West "represented to [her] that he had filed a Section 2255 petition on Frankie Sanchez's behalf." ECF No. 636, Affidavit. Ms. Sanchez further states that West advised her that adjudication of collateral proceedings in a case such as Sanchez's would take five to ten years. Over the ensuing years, Ms. Sanchez avers, she left numerous messages for West. Her inquiries were not returned. She states that the last time she spoke with West was 1999 but she continued to try to contact him until 2001. ECF No. 636, Attachment.

Mr. Gourdine indicates that in late 1995 or early 1996, he attempted to assist Sanchez in locating and recovering legal documents from Luther West. *Id.*, Attachment. Mr. Gourdine states that in late January or early February 1996, he met with West regarding Sanchez's documents. West

advised Gourdine that he could not turn over the requested documents as they were either lost or in storage. West offered to search for the missing documents. West told Gourdine that he had filed a 2255 petition on Sanchez's behalf and he expected it would take ten to twelve years to resolve.[1] Gourdine received no further communication from West about the missing documents. Gourdine avers that over the next five years he telephoned West on several occasions, speaking with him occasionally, and further representations were made by West that the motion had been filed and when it was adjudicated Sanchez would be advised. Gourdine states that he believes he last attempted to contact West in 2001. *Id.*

For his part, Sanchez states that in 1996 West represented to him that he had filed a § 2255 motion on his behalf. He further avers that West advised him it would take 5-12 years to adjudicate the motion. Sanchez avers that between 1996 and 2006 he made numerous efforts to contact West regarding the status of his case, both by telephone and letter. Sanchez states that the last letter he sent to West was in April of 2006. The letter was returned to Sanchez as undeliverable. Sanchez indicates that he received one written response from West in reply to his inquiries. The letter dated April 1, 1997, advised Sanchez that West had misplaced Sanchez's case file. He indicates that he spoke with West over the telephone on June 13, 2001, in May 2002, and in August, 2005, and was advised on each occasion that no action had been taken by the Court on the § 2255 petition. Petitioner indicates his last effort to telephone West occurred in November, 2007. *Id.* Sanchez avers that in late 2006, he wrote to this Court and learned that no § 2255 motion had been filed on his

---

[1] This representation differs from Sanchez's characterization of events contained in his Affidavit in support of equitable tolling. Sanchez states in his Affidavit, "In late January or early February 1996, my brother-in-law, Mr. Steven Gourdine, traveled from the Bronx to Baltimore in an effort to retrieve my case file from attorney West for me to have my records. Attorney West represented to Steven Gourdine that he could not release my case file to him at that time, as the case file was either lost and/or parts of it were secured in a warehouse. Attorney West further

behalf.[2] This prompted him to file, on April 13, 2007, his "Letter Motion for Discretionary Consideration of Reinstating Rights to File a 2255 Writ of Habeas Corpus of Which was Never Filed Based upon Misrepresentation of Counsel Direlection [sic] of Professional Duties" (ECF No. 598) and Deposition of Evidence and Memorandum of Law (ECF No. 603) in support thereof.

As Sanchez has previously been advised by the Court, the one-year limitation period under AEDPA for filing a motion to vacate is subject to equitable tolling. *See Holland v. Florida*, _ U.S. _, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he demonstrates: 1) that he has been pursuing his rights diligently, and 2) an extraordinary circumstance stood in his way and prevented timely filing. *See id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[3]

Sanchez's claim that his attorney deceived him into believing a timely motion had been filed may present a rare and extraordinary circumstance beyond Sanchez's control entitling him to equitable tolling. *See Goedeke v. McBride*, 437 F. Supp. 2d 590 (S.D. W. Va. 2006) (attorney's outright false assurances he was representing client worse than abandonment and such conduct was external to the petitioner and justified equitable tolling of his otherwise untimely federal habeas petition); *United States v. Wynn*, 292 F. 3d 226 (5th Cir. 2002).

However, Sanchez does not demonstrate that he has diligently pursued his rights. The

---

stated to Steve Gourdine that he would require the case file for his own use prospectively if he found it, as he would be filing a Section 2255 motion on my behalf in the coming months." ECF No 637.

[2] There is no evidence of this letter on the Court's docket.

[3] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

diligence detailed by the petitioner in *Holland* stands in contrast to Sanchez's allegation. *See Holland*, 130 S.Ct. at 2554-59. The Supreme Court concluded Holland acted with sufficient diligence because

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney]—the central impediment to his pursuit of his legal remedy –removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to [his attorney's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id* at 2565 (emphasis in original).

While Sanchez details his efforts to telephone and correspond with his attorney, unlike the litigant in *Holland*, Sanchez made no other efforts to ascertain the status of his petition. Moreover, Sanchez did not immediately file his 2255 motion upon learning counsel had failed to do so. To the contrary, he waited at least four months to file what he describes as a request to reinstate his rights to file a motion, and over four years to file the actual motion to vacate. The Court cannot ignore the fact that during the 11 years Sanchez and his relatives made efforts to contact counsel—efforts which were largely ignored, he did not seek information directly from the Court regarding the status of his motion. Sanchez did not contact the Court regarding the status of his motion until 11 years after his conviction became final. Even were the Court to conclude that Sanchez was entitled to tolling of the limitations period from the conclusion of his direct appeal in 1995 to the time he learned no collateral motion had been filed in "late" 2006, the instant motion would still be untimely, as he did not file same until June 15, 2011. Sanchez has not demonstrated diligence during the time period the one-year clock was running nor after learning that no motion had been filed on his behalf. Sanchez showed no diligence in submitting his claims, instead waiting four months to submit the first request

for equitable tolling and then waiting another three years after the conclusion of those proceedings to file a motion to vacate. Accordingly, Sanchez is not entitled to equitable tolling. *See Melancon v. Kaylo*, 259 F. 3d 401, 408 (5th dir. 2001) ( refusing to equitably toll limitation period where petitioner waited four months after learning of decision before filing petition). Such dilatory behavior cannot qualify for equitable tolling.

The Petitioner has no absolute entitlement to appeal the denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). The Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). The Court will not issue a certificate of appealability because the Petitioner has not made the requisite showing. A certificate of appealability will be denied. A separate Order follows.

1/25/12
Date

William D. Quarles, Jr.
United States District Judge

8